IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES F. LOGUE, | : | Civil No. 3:26-cv-230 |
| Petitioner | : | |
| | : | (Judge Mariani) |
| v. | : | |
| YORK COUNTY COURT OF COMMON PLEAS, *et al.*, | : | |
| Respondents | : | |

**ORDER**

**AND NOW**, this 23rd day of February, 2026, upon preliminary review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and in accordance with the Memorandum of the same date, **IT IS HEREBY ORDERED THAT**:

1. The application for leave to proceed *in forma pauperis* docketed on February 2, 2026 is **DISMISSED** as an improper form. (Doc. 2).

2. The application for leave to proceed *in forma pauperis* docketed on February 11, 2026 is **GRANTED**. (Doc. 6).

3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice. *See* R. GOVERNING § 2254 CASES R. 4.

4. The Clerk of Court is directed to **CLOSE** this case.

5. There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Robert D. Mariani
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES F. LOGUE, | : Civil No. 3:26-cv-230 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| YORK COUNTY COURT OF COMMON PLEAS, *et al.*, | : |
| Respondents | : |

**MEMORANDUM**

Petitioner James Logue ("Logue"), an inmate presently confined at the York County Prison, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the Court will dismiss the petition.

**I.   Background**

According to Logue, he was arrested on December 5, 2025. (Doc. 1, at 3 ¶ 11). An electronic search *via* the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, of Logue's criminal docket, CP-67-MD-0002006-2025, confirms that Logue was arrested on December 5, 2025, for indirect criminal contempt. *See Commonwealth v. Logue*, No. CP-67-MD-0002006-2025 (Pa. Ct. Com. Pl. York Cnty.); *see also Commonwealth v. Logue*, No. CP-67-CR-0002948-2020 (Pa. Ct. Com.

Pl. York Cnty.). Logue entered a guilty plea, and on, January 6, 2026, he was sentenced to a term of probation of six months. *See id.*

On or about January 27, 2026, Logue filed the instant habeas petition. (Doc. 1). Logue asserts that he was arrested based on "false and fabricated arrest warrants." (*Id.* at 3 ¶¶ 10-11). He sets forth claims of false imprisonment and illegal detention. (*Id.* at 1, 3, 5 ¶¶ 1, 10, 14, 23). Logue also asserts that he filed a similar habeas petition in state court on or about December 17, 2025, which remains pending. (*Id.* at 2, 5-6 ¶ 8, 25; Doc. 1-1).

## II.  Screening of Habeas Petitions

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

## III.  Discussion

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). This section specifically provides that the person must be in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2254(a). It is apparent from the instant petition that although Logue has been sentenced, he has relief available in the state court.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491

U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the contents of the petition, and the state court electronic docket sheet, that Logue is involved in ongoing criminal proceedings which implicate important state interests, and in which he can present any evidence of his innocence. Because there is presently relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

## IV.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

4

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Logue failed to demonstrate that a certificate of appealability should issue.

## V.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus (Doc. 1) will be dismissed without prejudice, and a certificate of appealability will not issue. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 23, 2026